UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PETR TORCIK,

                Plaintiff,

    -against-

THE CHASE MANHATTAN BANK, INC.,
and DOES 1-10,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 02-CV-5994 (FB)

*Appearances:*
*For the Plaintiff:*
PETR TORCIK, *pro se*
156 Duncan Ave., Apt.# 5
Jersey City, NJ 07306

*For the Defendants:*
DARA L. ROSENBAUM, ESQ.
Quirk & Bakalor, P.C.
845 Third Ave., 15th Floor
New York, NY 10022

**BLOCK, District Judge:**

        Plaintiff, Petr Torcik ("Torcik"), proceeding *pro se*, brings this diversity action against defendants, The Chase Manhattan Bank, Inc., and ten unnamed bank employees (collectively "Chase"). He alleges that a Chase employee negligently caused him to be marked as a "fraud suspect" and that, as a result, he was denied a joint checking account and was temporarily unable to use his individual Chase account. Because it appears that the amount in controversy does not exceed $75,000, the Court *sua sponte* raises the issue of whether it has subject-matter jurisdiction.

## I. BACKGROUND

        In his complaint, Torcik, alleged that, on March 3, 1999, he entered into a contract with CityNet Ltd. ("CityNet"), a Czech corporation. Under the contract, CityNet agreed to provide a $4 million line of credit, the proceeds of which were to be deposited

into a joint checking account at Chase.

On November 13, 1999, Torcik went to a Chase branch to convert his individual checking account to a joint checking account. Torcik gave his social security number to a Chase employee for telephone verification. The employee misread the number; when Torcik "attempted to correct her, defendant's employee refused to rectify the error." Compl. ¶ 11.

Because of the error, the information provided by Torcik did not match the information provided by the telephone-verification service and a notation that Torcik was a "fraud suspect" was placed in his account profile. Compl. ¶ 12. As a result, Torcik's individual account was not converted to a joint account; Torcik alleged that this caused him to breach the contract with CityNet.

Torcik sued Chase for negligence, tortious interference with contractual relations, slander per se, libel per se and defamation of character. He seeks compensatory damages of $4 million for "mental anguish, embarrassement [sic], humiliation and economic harm," Compl. ¶ 22; he also seeks punitive damages of $8 million.

Chase moved to dismiss the claims for slander, libel and defamation of character on the ground that they were barred by the statute of limitations. Chase further moved to dismiss the remaining claims for lack of subject-matter jurisdiction, arguing that the amount in controversy was less than $75,000.

On June 17, 2003, the Court dismissed as time-barred the claims for slander, libel and defamation of character. The Court denied the motion to dismiss for lack of jurisdiction because, based on the allegations of the complaint, it could not "conclude to

a 'legal certainty' that [Torcik] would be entitled to less than the jurisdictional minimum of $75,000." Mem. & Order of Jun. 17, 2003, at 4.

During discovery, Torcik produced the contract with CityNet. Torcik is not a party to the contract; rather, the contract is between CityNet and Torcik's business partner, Vladimir Stepanik ("Stepanik"). Moreover, the contract does not expressly require anyone to open a joint checking account.

At his deposition, Torcik testified that, apart from preventing him from opening a joint checking account, the "fraud suspect" notation in his account profile caused problems with his individual account. Specifically, Torcik testified that, for a period of about ten days, he was unable to withdraw money from the account using his debit card, and that every time he attempted to do so, he incurred a $20 fee. Torcik testified that these fees totaled "close to $100." Torcik Dep. at 105.

## II. DISCUSSION

"The federal courts are under an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed R. Civ. P. 12(h)(3).

The only basis for federal jurisdiction in this case is 28 U.S.C. § 1332, which gives district courts jurisdiction over civil actions between, *inter alia*, "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).[1] This jurisdiction is limited,

---

[1] Torcik is a citizen of the Czech Republic; Chase has its principal place of business in New York.

however, to "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.* § 1332(a).

The amount in controversy is measured "as of the date of the complaint and is not reevaluated based on post-filing events." *Hall v. Earthlink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005). There is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). To overcome this presumption, "'[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)); *see also Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (noting that the "good faith test" is equivalent to the "legal certainty standard"). This issue is to be resolved "by reference to the pleadings and any facts on [the] subject adduced in discovery." *Chase Manhattan Bank, N.A. v. American Nat'l Bank & Trust Co.*, 93 F.3d 1064, 1070 (2d Cir. 1996); *see also Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982) ("We have allowed...resort to materials developed in discovery to be used to amplify the meaning of the complaint allegations.").

In his complaint, Torcik claims compensatory damages of $4 million and punitive damages of $8 million. At issue, then, is whether these claims are made in "good faith," that is, whether it appears to a "legal certainty" that the claims are, in reality, for less than $75,000.

With respect to compensatory damages, the Court could not, at the pleading stage, conclude to a legal certainty that Torcik could not recover more than $75,000.

4

Discovery has clarified, however, that the damages claimed are based on Torcik's allegations that, due to an employee's negligence, Chase did not convert his individual account to a joint checking account and thereby caused him to breach the contract with CityNet. Discovery has also revealed that Torcik was not a party to the contract with CityNet and had no obligations under it. Thus, it appears to a legal certainty that Torcik can recover no damages on that theory.

Torcik may have a good-faith claim for compensatory damages based on his claim that Chase's alleged negligence caused him to be temporarily unable to withdraw funds from his account and to incur a $20 fee each time he tried to do so. By Torcik's own admission, however, those damages totaled "close to $100," Torcik Dep. at 105, far less than the $75,000 jurisdictional minimum.[2]

With respect to punitive damages, such damages may be included in the calculation of the amount in controversy, but only where they are permitted by state law. *See A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991). Under New York law, "an award of punitive damages must be premised on conduct particularly egregious in nature directed both at the plaintiff and the general public." *Nat'l Broadcasting Co., Inc. v. Fire Craft Servs., Inc.*, 731 N.Y.S.2d 722, 723 (1st Dep't 2001). Even gross negligence will not support a claim of punitive damages absent "extreme aggravating factors such as improper

---

[2]Torcik's claim for damages on this theory is limited to economic losses because, under New York law, a claim for negligence can include damages for emotional harm only where there is either a physical injury or "a breach of a duty owed directly to the plaintiff which either endangered the plaintiff's physical safety or caused the plaintiff fear for his or her own physical safety." *Lancellotti v. Howard*, 547 N.Y.S.2d 654, 655 (2d Dep't 1989).

5

state of mind or malice." *Rand & Paseka Mfg. Co., Inc. v. Holmes Protection, Inc.*, 515 N.Y.S.2d 468, 470 (1st Dep't 1987). Given those high standards, it appears to a legal certainty that punitive damages are not recoverable in this case.

In sum, the only damages Torcik could claim in good faith appear to fall far below the $75,000 jurisdictional minimum. Before dismissing the case for lack of jurisdiction, however, the Court must "afford the plaintiff a reasonable opportunity to show good faith in believing that a recovery in excess of [the jurisdictional amount] is reasonably possible." *Chase*, 93 F.3d at 1070.

### III. CONCLUSION

For the foregoing reasons, Torcik is directed to show cause, by affirmation filed within thirty (30) days of the date of this Memorandum and Order, why the case should not be dismissed for lack of subject-matter jurisdiction; a sample affirmation is attached. With his affirmation, Torcik may also submit any documentary material, such as bank statements, supporting his contention that he has good-faith claims for damages exceeding $75,000.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
May 27, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PETR TORCIK,

              Plaintiff,

    -against-                                                **AFFIRMATION**
                                                                  02-CV-5994 (FB)
THE CHASE MANHATTAN BANK, INC.,
and DOES 1-10,

              Defendants.
-----------------------------------------------------------x

STATE OF _____ }
                            } ss:
COUNTY OF _____ }

      I, PETR TORCIK, make the following affirmation under the penalties of perjury:

1.     I am the plaintiff in the above-captioned action.

2.     I respectfully submit this affirmation in response to the Court's Memorandum and Order dated May 27, 2005.

3.     The case should not be dismissed for lack of subject-matter jurisdiction because_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY.]

Dated: _____

                                                _____
                                                Signature

                                                _____
                                                Address

                                                _____
                                                City, State & Zip Code